**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

---

**FOX VALLEY SHEET METAL HEALTH FUND, FOX VALLEY SHEET METAL RETIREMENT/UIA FUND, FOX VALLEY SHEET METAL LOCAL INDUSTRY FUND, FOX VALLEY SHEET METAL LOCAL TRAINING FUND and DANIEL WIPPICH (in his capacity as Trustee),**

**Plaintiffs,**

**v.** **Case No. 19-cv-1654**

**FELDMANN, INC.,**

**Defendant.**

---

# COMPLAINT

---

**NOW COME** the plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Philip E. Thompson, and as and for a cause of action against the defendant, allege and show to the Court the following:

## Jurisdiction and Venue

1. Jurisdiction of this Court upon defendant Feldmann, Inc. is founded upon Section 502 of the Employee Retirement Income Security Act of 1974 (“ERISA”) (29 U.S.C. § 1132), in that the plaintiffs are aggrieved by said defendant’s violation of a collective bargaining agreement, trust plans and trust agreements, and said defendant’s continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating provisions of ERISA, the Multi-Employer Pension

Plan Amendments Act ("MPPAA"), the terms and provisions of the employee benefit plans, and the common law of the State of Wisconsin.

2. Venue lies in this Court under ERISA § 502(e)(2) (29 U.S.C. §1132(e) (2)) in that Feldmann, Inc. is engaged in business with its principal place of business, located in Outagamie County, Wisconsin.

**Parties**

3. Plaintiff Fox Valley Sheet Metal Health Fund, Fox Valley Sheet Metal Retirement/UIA Fund, Fox Valley Sheet Metal Local Industry Fund and Fox Valley Sheet Metal Local Training Fund are employee benefit plans within the meaning of ERISA §§ 3(1), (3) and (37), 502 and 515, as amended by the MPPAA (codified as amended at 29 U.S.C. §§ 3(1), (3) and (37), 1132 and 1145) and bring this action on behalf of the trustees, participants and beneficiaries of said plan. Said plans maintain offices at 2201 Springdale Road, Waukesha, Wisconsin 53186.

4. Plaintiff Daniel Wippich is a trustee and fiduciary of the Fox Valley Sheet Metal Health Fund, as well as a participant and beneficiary, within the meaning of ERISA (29 U.S.C. §1002, et seq.) and as such has standing to be a plaintiff in this action and to seek the remedies prayed for. Mr. Wippich maintains an office at 2201 Springdale Road, Waukesha, Wisconsin 53186.

5. Defendant Feldmann, Inc. is a domestic corporation engaged in business in the State of Wisconsin, with principal offices located at 1219 North Badger Avenue, Appleton, WI 54914.

## **Facts**

6. Feldmann, Inc. is an employer and party in interest in an industry affecting commerce within the meaning of ERISA §§ 3(5), (11), (12) and (14) (29 U.S.C. §§ 1002(5), (11), (12) and (14)).

7. For all times relevant, Feldmann, Inc. was and remains a party to and agreed to abide by the terms of one or more collective bargaining agreements (hereinafter "Labor Agreements") between it and the Sheet Metal, Air, Rail, and Transportation Workers Local #18 (hereinafter the "Union").

8. The Labor Agreements described herein contain provisions whereby Feldmann, Inc. agreed to make timely payments to the plaintiff trust funds for each employee covered by said Labor Agreements.

9. By execution of said Labor Agreements, Feldmann, Inc. adopted the trust agreements and amendments thereof which establish and govern the plaintiffs and are necessary for their administration, and designated as its representatives on the boards of trustees such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratifying all actions already taken or to be taken within the scope of their authority.

10. By virtue of executing the Labor Agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust funds, Feldmann, Inc. has agreed as follows:

a. to file monthly reports and make timely and prompt contributions to the plaintiffs for each employee covered by the aforementioned Labor Agreements;

b. to designate, and accept as its representatives, the trustees named in the declaration of trust and their successors;

c. to adopt and abide by all of the rules and regulations adopted by the trustees of the plaintiffs pursuant to the trust agreements;

d. to adopt and abide by all of the actions of the trustees in administering the plaintiffs in accordance with the trust agreements and the rules so adopted;

e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions; and

f. to pay, in addition to contributions, liquidated damages and interest, all actual attorney fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

11. Feldmann, Inc. has failed to perform its obligations pursuant to the terms and conditions of the Labor Agreements and trust agreements by, although not necessarily limited to, the following:

a. failing to make continuing and prompt payments to the plaintiffs as required by the Labor Agreements and trust agreements for all of Feldmann, Inc.'s covered employees; and

b. failing to accurately report employee work status to the plaintiffs.

12. ERISA § 502(g) (2), as amended by the MPPAA provides:

> (2) In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan --
>
> (A) the unpaid contributions,
>
> (B) interest on the unpaid contributions,
>
> (C) an amount equal to the greater of --

(i) interest on the unpaid contributions, or

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal of State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of this action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

13. ERISA § 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

14. Despite demands that Feldmann, Inc. perform its statutory and contractual obligations, the plaintiffs have ascertained that said defendant has wholly failed, neglected, omitted and refused to make those payments. Feldmann, Inc. is now indebted to the plaintiffs as follows:

<u>Audited Period: September 1, 2018 through April 30, 2019</u>

| | |
|---|---:|
| Fox Valley Sheet Metal Health Fund | $19,074.11 |
| Fox Valley Sheet Metal Retirement/UIA Fund | 1,903.69 |
| Fox Valley Sheet Metal Local Industry Fund | 311.00 |
| Fox Valley Sheet Metal Local Training Fund | 134.06 |

<u>Unaudited Period: May 1, 2019 through present</u>

| | |
|---|---:|
| Fox Valley Sheet Metal Health Fund | Unknown |
| Fox Valley Sheet Metal Retirement/UIA Fund | Unknown |
| Fox Valley Sheet Metal Local Industry Fund | Unknown |
| Fox Valley Sheet Metal Local Training Fund | Unknown |

**Claim One Against Defendant Feldmann, Inc.**
**Violation of ERISA §§ 502 and 515 (29 U.S.C. §§ 1132, 1145)**

15. As and for a first claim for relief against Feldmann, Inc., the plaintiffs reallege each and every allegation contained in paragraphs 1 through 14 above and incorporate the same as though fully set forth herein word-for-word.

16. Due demand has been made upon Feldmann, Inc. for payment of all sums due and owing, but said defendant has refused to pay them, or any part thereof, and all amounts remain due and owing.

17. Because, as the plaintiffs are informed and believe, Feldmann, Inc. has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of plaintiffs' trust funds is reduced, plaintiffs' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed. Consequently, ERISA and plaintiffs' employee benefit plans have been violated, and the plaintiffs are entitled to all of the remedies provided by ERISA.

18. Because Feldmann, Inc. has failed to make timely and prompt contributions, some of the plaintiffs' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if Feldmann, Inc. is not mandatorily compelled to comply with the Labor Agreements and enjoined from further breaches.

**WHEREFORE**, plaintiffs demand the following relief:

1. Judgment on behalf of the plaintiffs and against Feldmann, Inc.:

   A. For $21,422.86 representing unpaid contributions, interest and liquidated damages owed to the Funds for the audit period September 1, 2018 through April 30, 2019;

B. For unpaid contributions, interest and liquidated damages owed to the plaintiffs due from May 1, 2019 through the commencement date of this lawsuit;

C. For unpaid contributions, interest and liquidated damages owed to the plaintiffs becoming due and/or arising after the commencement of this lawsuit through the date of judgment; and

D. Actual attorney fees and the costs of this action.

2. For such other, further or different relief as the Court deems just and proper.

Dated this 11th day of November, 2019.

s/Philip E. Thompson
Philip E. Thompson (SBN 1099139)
The Previant Law Firm, S.C.
310 West Wisconsin Avenue, Suite 100MW
Milwaukee, WI 53203
414-271-4500 (Telephone)
414-271-6308 (Fax)
Email: pet@previant.com

Attorney for Plaintiffs